**UNITED STATES DISTRICT COURT**
District of New Jersey

<table>
<tr>
<td>

**CHAMBERS OF**
**JOSE L. LINARES**
JUDGE

</td>
<td align="right">

**MARTIN LUTHER KING JR.**
**FEDERAL BUILDING & U.S. COURTHOUSE**
**50 WALNUT ST., ROOM 5054**
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

</td>
</tr>
</table>

NOT FOR PUBLICATION

LETTER OPINION

March 20, 2007

Eric Martin Bernstein, Esq.
Philip G. George, Esq.
Eric M. Bernstein & Associates, L.L.C.
Two North Road
P.O. Box 4922
Warren, NJ 07059

William D. Manns, Esq.
Law Office of William D. Manns, Esquire
21 Court Street
Newark, NJ 07102

Reed C. Kleinle, Esq.
Mets & Schiro, LLP
165 Washington Street
Morristown, NJ 07960

   Re: <u>Halpern, et al. v. Township of Irvington, et al.</u>
      Civil Action No.: 01-4732; 01-6109 (JLL)

Dear Counsel:

  Presently before this Court is Plaintiffs' motion in limine, in this consolidated matter, seeking permission to introduce into evidence at trial Sara Bost's 2003 conviction of witness tampering for the purpose of impeachment pursuant to Fed. R. Evid. 609(a)(2). The Court has considered the submissions made in support of and in opposition to the instant motion. This matter is resolved without oral argument. Fed. R. Civ. P. 78.

  Pursuant to Rule 609(a)(2), evidence that a witness has been convicted of a crime involving dishonesty or false statement shall be admitted at trial, for the limited purpose of impeaching the credibility of the witness. Fed. R. Evid. 609(a)(2). Pursuant to Rule 609(a)(2),

such convictions of crimes involving dishonesty or false statement are allowed, regardless of the punishment, as long as it has been less than ten years since the date of the conviction or the release from confinement, whichever is later.  Fed. R. Evid. 609(b).  "No balancing of probative value and prejudicial effect is required under Rule 609(a)(2) because crimes of 'dishonesty or false statement' are thought to be inherently relevant to questions of credibility."  Virgin Islands v. Bedford, 671 F.2d 758, 761 (3d Cir. 1982).

In the case at bar, Defendant Bost was convicted of witness tampering pursuant to 18 U.S.C. § 1512(b)(3), which carries a sentence of up to ten years imprisonment, and judgment was entered on September 9, 2003.  The very words of section 1512(b)(3) demonstrate to this Court that witness tampering is a crime of dishonesty:

> (b) Whoever knowingly uses intimidation, threatens or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to – . . .
> (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings. . . .

See, e.g., Martino v. Korch, 131 F. Supp. 2d 313, 315 (D. Conn. 2000) (finding plaintiff's prior state felony conviction of witness tampering admissible under Fed. R. Evid. 609(a)(2) for impeachment purposes).

Therefore, the Court finds that Defendant Bost's 2003 conviction of witness tampering is admissible at trial for purposes of impeachment.  At trial, Plaintiffs will be permitted to inquire as to the nature of the aforesaid charged crime, the date of its disposition and the sentence imposed.

An appropriate Order accompanies this Letter Opinion.

                                        Sincerely,

                                        /s/ Jose L. Linares
                                        JOSE L. LINARES
                                        UNITED STATES DISTRICT JUDGE