**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

## LETTER OPINION

September 5, 2007

Roosevelt Porter, Esq.
Mets & Schiro, LLP
P.O. Box 668
Woodridge, NJ 07470

Barbara A. O'Connell, Esq.
Sweeney & Sheehan
Sentry Office Plaza, Suite 701
216 Haddon Avenue
Westmont, NJ 08108

William D. Manns, Jr., Esq.
Nevada Court Mall
21-23 Court Street
Newark, NJ 07102

Re:   **Halpern, et al. v. Township of Irvington, et al.**
         Civil Action No.: 01-4732 (JLL)

Dear Counsel:

This matter comes before the Court by way of several filings made by Mr. William D. Manns, Jr., counsel for Defendant Sara Bost. In particular, the Court notes that on August 28, 2007, Mr. Manns filed the following documents in connection with the above matter: (1) "First Motion in Limine by Sara Bost" [CM/ECF Docket Entry No. 60], (2) First Motion in Limine – Response to Plaintiffs' Opposition" [Entry No. 61], (3) "Second Motion in Limine" [Entry No. 62], (4) "First Motion for Judgment as a Matter of Law" [Entry No. 63], and (5) "Second Motion to Dismiss" [Entry No. 64]. It appears that several of such filings were incorrectly labeled.[1] Thus, in order to ensure that this matter progresses in an organized fashion, the Court will now address each filing, in turn.

---

[1] Defense counsel, Mr. Manns, is hereby advised to utilize his best efforts to ensure that all future filings in this matter are done in an organized fashion, and in accordance with all applicable rules. It is not the role of the Court to sort through, organize, correct and/or track the submissions of any given party.

*"First Motion in Limine by Sara Bost"*
**[CM/ECF Docket Entry No. 60]**

The document labeled as "First Motion in Limine" [CM/ECF Docket Entry No. 60] is actually a reply brief that relates to Defendants' Cross-Motion in Limine,[2] which was submitted in conjunction with Defendants' opposition to Plaintiffs' Motion in Limine seeking to admit evidence of a prior criminal conviction of Defendant Bost.[3]  Although the Court has been in receipt of Defendants' Cross-Motion in Limine since March 9, 2007, said motion does not, however, appear on this Court's electronic docket.[4]  Although Mr. Manns' office has been contacted on numerous occasions by my staff, to date, such motion has never been filed electronically.  Mr. Manns is hereby ordered to file said Cross-Motion in Limine electronically by Monday, September 10, 2007.[5]  To the extent that Defendants' Cross-Motion in Limine is not filed electronically by Monday, September 10, 2007, said motion will be deemed withdrawn.

*"First Motion in Limine – Response to Plaintiffs' Opposition"*
**[CM/ECF Docket Entry No. 61]**

The document filed herein appears to be a duplicate of the document filed under CM/ECF Docket Entry No. 60 (see above), and is thus incorrectly labeled as a motion in limine. Accordingly, the Clerk's office is hereby ordered to terminate the motion filed under Entry No. 61.

*"Second Motion in Limine"*
**[CM/ECF Docket Entry No. 62]**

The second motion in limine filed by Defendant Bost, on August 27, 2007, asks that the

---

[2] Defendants' Cross-Motion in Limine seeks to bar (1) the transcript of a speech allegedly given by former Police Director Robert Rankin to the Golden Shields, and any testimony related thereto, and (2) testimony regarding the content of the Stephen Palmyra Affidavit.  A hard copy of said cross-motion was submitted to the Court on March 9, 2007.

[3] By way of Letter Opinion and Order dated March 20, 2007, Plaintiffs' Motion in Limine was granted.  See CM/ECF Docket Entry No. 55.

[4] Electronic filing has been mandatory in this district since January 5, 2004. See L. Civ. R. 5.2, cmt. 1.  Moreover, the Local Civil Rules provide that "[m]otions in any matter subject to mandatory electronic filing must be filed electronically and comply with the policies and procedures governing electronic case filing." L. Civ. R. 7.1, cmt. 4(a)(1).

[5] Plaintiffs' opposition brief, and Defendants' reply brief, should also be filed on the electronic docket thereafter.  Once Defendants' Cross-Motion has been fully briefed on the electronic docket, Defendants' counsel shall submit to the Court a complete package of all documents filed by the parties in connection with the Cross-Motion in Limine, in accordance with this Court's individual practice rules.

Court order separate or bifurcated trials. By way of Order dated March 19, 2007, all parties were prohibited from filing any further motions in limine in connection with the above matter.[6] Thus, as a preliminary matter, the Court notes that the aforesaid motion is untimely, and could, therefore, be denied on such a basis. Nevertheless, the Court has reviewed the arguments made in support of Defendant's second motion in limine and finds that: (1) Defendants' request for separate trials is denied, based on this Court's discretion and in the interest of judicial economy; (2) Defendants' request that the parties be severed is denied, for the same reasons; and (3) Defendants' request that the Court bar Plaintiffs from introducing certain evidence relating to the promotions of African American officers and contributions by the Golden Shields to the Bost Campaign, is denied without prejudice to the reassertion of same at the time of trial.

### *"Motion to Dismiss, or, in the alternative, Motion for Judgment as a Matter of Law"*
### [CM/ECF Docket Entry No. 64]

Defendants move to dismiss the Complaint, or for judgment as a matter of law, on the basis that: (1) Plaintiffs have failed to state a prima facie case of reverse discrimination; (2) Defendants are entitled to discretionary and/or absolute immunity for administrative decisions; and (3) Defendants are entitled to qualified immunity.

At the outset, the Court notes that Defendants fail to cite to any applicable rule governing their request for dismissal of the instant Complaint. To the extent that Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), any such motion is denied. A Final Pretrial Order was entered by Magistrate Judge Hedges on February 4, 2004. Tab No. 2 ("Pending/Contemplated Motions") indicates that Defendants intend to make the following dispositive motions: (1) "Defendant[s] will file a motion for summary judgment according to Local Rules, Appendix N, within 30 days of the Final Pretrial Conference. The motion is anticipated to address issues of justiciability of claims under state civil service rules in Federal Court and substantive issues of causal connection"; and (2) "Defendants anticipate that a motion to compel response to subpoena duces tecum for records of the N.J. Election Law Enforcement Commission may be required due to anticipated assertion of privilege as to certain financial records of the Golden Shields based on discussions with counsel for the N.J. Elections Law Enforcement Commission."

As contemplated by the Final Pretrial Order, on September 2, 2004, Defendants filed a motion for summary judgment. See CM/ECF Docket Entry No. 36. By way of Letter Opinion and Order dated June 28, 2005, Defendants' motion for summary judgment was denied, in part, and granted in part. See CM/ECF Docket Entry No. 40. Now, on the eve of trial, Defendants seek to dismiss the Complaint based on several theories which were not set forth in the Final

---

[6] At that time, the Court had only been in receipt of two motions in limine: (1) Plaintiffs' Motion in Limine seeking to introduce evidence of Defendant Sara Bost's criminal conviction, and (2) Defendants' Cross-Motion in Limine seeking to bar (a) the transcript of a speech allegedly given by former Police Director Robert Rankin to the Golden Shields, and any testimony related thereto, and (b) testimony regarding the content of the Stephen Palmyra Affidavit.

Pretrial Order, and which were not raised in their motion for summary judgment, filed in September 2004.  Moreover, Defendants fail to provide the Court with any exceptional reason warranting the consideration of such arguments at this stage of the litigation.  In light of the foregoing, and given that this matter has now been ready for trial since December 2005, Defendants' motion to dismiss the instant Complaint pursuant to Rule 12(b)(6) is denied.[7]

### *"Motion to Dismiss"*
### [CM/ECF Docket Entry No. 63][8]

Finally, Defendants also filed a motion to dismiss the Complaint on statute of limitations grounds.  Again, Defendants fail to set forth the applicable rule and/or legal standard governing their request for dismissal of the Complaint on such a basis.  To the extent that Defendants' move to dismiss the instant Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), their request is denied based on the reasons discussed above.

An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[7] To the extent that Defendants move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, any such request is denied as premature.

[8] Although CM/ECF Docket Entry No. 63 is labeled as "Motion for Judgment as a Matter of Law," the documents filed therein correspond, instead, with a Motion to Dismiss based on statute of limitations grounds.