**UNITED STATES DISTRICT COURT**
**District of New Jersey**

<table>
<tr><td>

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

</td><td>

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

</td></tr>
</table>

**NOT FOR PUBLICATION**

**LETTER OPINION**

January 7, 2008

Roosevelt Porter, Esq.
Mets & Schiro, LLP
P.O. Box 668
Woodridge, NJ 07470

Barbara A. O'Connell, Esq.
Sweeney & Sheehan
Sentry Office Plaza
216 Haddon Avenue, Suite 701
Westmont, NJ 08108

William D. Manns, Jr., Esq.
Nevada Court Mall
21-23 Court Street
Newark, NJ 07102

Robyn F. McGrath, Esq.
Sweeney & Sheehan
Sentry Office Plaza
216 Haddon Avenue, Suite 701
Westmont, NJ 08108

    Re:    **Halpern, et al. v. Township of Irvington, et al.**
               **Civil Action No.: 01-4732 (JLL)**

Dear Counsel:

This matter comes before the Court by way of several motions filed by Defendants, Township of Irvington and Sara Bost, respectively. In particular, the Court considers the following motions: (1) Defendant Township of Irvington's motion to take Plaintiffs' deposition, (2) Defendant Township of Irvington's motion in limine to amend the Stipulation of Facts, (3) Defendant Township of Irvington's motion in limine to preclude the Rankin speech, and (4) Defendant Bost's motion to reinstate her cross-motion in limine. The Court has considered the papers submitted in support of the instant motions, and, for the reasons that follow, denies each of the foregoing motions.

**BACKGROUND**

Plaintiffs commenced the instant cause of action October 10, 2001. A final pretrial order was entered on September 2, 2004, and the matter was set for trial in December 2005. Several trial dates were subsequently adjourned, both, at the parties' request, and on the Court's initiative. By way of Order dated March 19, 2007, all parties were prohibited from filing any additional motions in limine in connection with the above matter. At that time, the Court had been in receipt of <u>two</u> motions in limine: (1) Plaintiffs' motion in limine seeking to introduce

evidence of Defendant Sara Bost's criminal conviction,[1] and (2) Defendants' Cross-Motion in Limine seeking to bar (a) the transcript of a speech allegedly given by former Police Director Robert Rankin, and any testimony related thereto, and (b) testimony regarding the content of the Stephen Palmyra Affidavit.

On August 28, 2007, Mr. Manns, counsel for Defendant Sara Bost, filed a series of motions in connection with the above matter.  The Court addressed such filings by way of Letter Opinion and Order dated September 5, 2007.  The Court will not repeat the contents of its September 5, 2007 Letter Opinion and Order except where necessary to provide context for the pending motions.

## ANALYSIS

### *Defendant Township of Irvington's Motion to Take Plaintiffs' Depositions*
[CM/ECF Docket Entry No. 70]

Barbara O'Connell, counsel for Defendant Sara Bost, filed a motion for leave to take Plaintiffs' depositions on December 13, 2007.  Therein, Ms. O'Connell argues that "Defendants will be prejudiced in their ability to defend the liability and damage phases of this case if the depositions of the nine (9) Plaintiffs are not taken."  Ms. O'Connell concedes, however, that discovery closed in 2004, and provides absolutely no reason why such depositions were never taken during the regular course of discovery.[2]   Given that (a) discovery closed in 2004, (b) this case has been ready for trial since 2005, and (c) Defendant's application comes now on the eve of trial, the Court hereby denies Defendant's request to take Plaintiffs' depositions.

### *Defendant Township of Irvington's Motion in Limine to Amend the Stipulation of Facts*
[CM/ECF Docket Entry No. 71]

Ms. O'Connell also filed a motion in limine to amend the Stipulation of Facts.  As previously indicated, by way of Order dated March 19, 2007, this Court ordered that no further motions in limine would be permitted.  Accordingly, Defendant's newly filed motion in limine to amend the Stipulation of Facts is hereby denied.

### *Defendant Township of Irvington's Motion in Limine to Preclude Evidence of the Rankin Speech*
[CM/ECF Docket Entry No. 72]

Finally, Ms. O'Connell filed a motion in limine to preclude evidence of the Rankin Speech, and the alleged transcript of that speech, on January 2, 2008.  As previously indicated, the Court need not consider such an untimely filed motion in limine.  Pursuant to this Court's

---

[1] Plaintiffs' motion in limine was granted on March 20, 2007.

[2] The Court realizes that the firm of Sweeney & Sheehan substituted as counsel for Defendant Bost in August 2007.

March 19, 2007 Order, all parties were prohibited from filing any additional motions in limine.

Even if the Court were inclined to consider Ms. O'Connell's contention that she wishes simply to reassert the arguments already made by Defendant Township of Irvington, in its Cross-Motion in Limine, based on the following reasons, Defendant's motion would, in any event, be denied. Ms. O'Connell claims that this Court previously denied Defendant Bost's Cross-Motion in Limine "without prejudice to its reassertion at time of trial." However, Ms. O'Connell's overly broad interpretation of this Court's September 5, 2007 Letter Opinion is simply incorrect. While the Court did deny portions of Mr. Mann's motions without prejudice,[3] this Court's denial of his Cross-Motion in Limine, seeking to bar the transcript of the Rankin speech, was <u>not</u> done without prejudice to its reassertion at the time of trial. To the contrary, this Court admonished Mr. Manns for failing to file said Cross-Motion in Limine properly on the Court's electronic docket. Thus, the Court ordered that Mr. Manns file said Cross-Motion in Limine on the electronic docket by Monday, September 10, 2007. This Court further indicated that "[t]o the extent that Defendants' Cross-Motion in Limine is not filed electronically by Monday, September 10, 2007, said motion will be deemed withdrawn." (Sept. 5, 2007 Letter Opinion). Because no such filing occurred – and because the Court received <u>no</u> correspondence and/or communication from Mr. Manns <u>or</u> Ms. O'Connell – Defendants' Cross-Motion in Limine seeking to bar evidence of the Rankin speech, among other things, was deemed withdrawn by the Court on September 11, 2007. <u>See</u> CM/ECF Docket Entry No. 66. Ms. O'Connell did not move for reconsideration of this Court's September 11, 2007 Order. Accordingly, Ms. O'Connell's belated attempt to "reinstate" a motion which was deemed withdrawn by this Court almost four months ago is hereby denied.

### *Defendant Bost's Motion for "Reinstatement"*
[CM/ECF Docket Entry No. 69]

On December 12, 2007, Mr. Manns filed, on behalf of his client Defendant Bost, a motion to reinstate several motions which had previously been addressed by this Court, by way of Letter Opinion and Order dated September 5, 2007. Although, once again, Mr. Manns provides no applicable rule or legal standard governing his request for "reinstatement," the Court construes Mr. Manns' December 12, 2007 motion as a motion for reconsideration of this Court's September 5, 2007 Letter Opinion and Order.

Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i).[4]

---

[3] For example, this Court denied the portion of Defendant Bost's "Second Motion in Limine" relating to Bost's request that the Court bar Plaintiffs from introducing certain evidence relating to the promotions of African American officers and contributions by the Golden Shields to the Bost Campaign without prejudice to the reassertion of same at the time of trial.

[4] There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become

Defendant Bost's motion for reconsideration of this Court's September 5, 2007 Letter Opinion and Order is clearly untimely.[5]  Not only did defense counsel choose to sit on his hands for three months before petitioning the Court to "reinstate" his previously denied motions, but, curiously, Mr. Manns fails to provide any reason and/or justification, whatsoever, for his delay.  This Court will not reward Mr. Manns for his own inaction by reconsidering an Order which was entered over three months ago, particularly on the eve of trial.   Thus, Defendant Bost's motion for reconsideration is denied, in its entirety.

Even if the Court were inclined to consider Mr. Manns' motion for reconsideration, for the reasons that follow, his request would nevertheless be denied.  First, the Court disagrees with Defendant's contention that the Court erred in dismissing Defendant's Cross-Motion in Limine for failure to file the brief electronically.  The Court maintains that, as of September 5, 2007, Document No. 60 on the Court's electronic docket was, in fact, a reply brief that relates to Defendant's Cross-Motion in Limine, rather than the moving brief, itself.  While it appears that this error has now been corrected, such does not change the fact that as of September 5, 2007, Defendant's Cross-Motion in Limine had not been properly filed on the Court's electronic docket.  Even assuming, arguendo, that the Court had erred in assessing the contents of Document No. 60, the Court specifically ordered Mr. Manns to file his Cross-Motion in Limine on the electronic docket by Monday, September 10, 2007, and notified Mr. Manns that his failure to do so would result in the Cross-Motion in Limine being deemed withdrawn.  Thus, regardless of whether Mr. Manns subsequently corrected his mistake, or whether this Court originally erred in assessing the contents of Document No. 60, Mr. Manns could have – and should have – notified the Court as to same within the period of time specifically allotted by the Court's Order.  Mr. Manns simply chose not to do so.

Secondly, Defendant Bost now claims that the Court improperly dismissed two motions to dismiss which were filed Mr. Manns on August 28, 2007.[6]  In denying Defendant's motions to dismiss, the Court specifically noted that "Defendants fail to cite to any applicable rule governing their request for dismissal of the instant Complaint." (Sept. 5, 2007 Letter Opinion).  The Court went on to construe Defendant's motions to dismiss as brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court ultimately denied both motions, noting the untimeliness of such

---

available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

[5] Even if the Court were to construe the relevant Order at issue as this Court's September 11, 2007 Order, Mr. Manns' motion for reconsideration would still be untimely.

[6] Defendant's motions to dismiss were based upon: (a) Plaintiffs' failure to comply with the statute of limitations, and (b) Plaintiffs' failure to state a claim of employment discrimination.

motions at this late stage of the litigation.[7]  Mr. Manns now argues that said motions to dismiss were actually brought pursuant to Federal Rule of Civil Procedure 12(h)(2), which permits a defense of failure to state a claim to be made by motion for judgment on the pleadings or at trial. Mr. Manns' original motions to dismiss, however, did not address Rule 12(h)(2), much less provide the proper legal standard for motions brought pursuant to same.  Thus, to the extent that Mr. Manns now claims that this Court erred in: (a) construing both motions as brought pursuant to Rule 12(b)(6), and (b) denying both motions given the applicability of Rule 12(h)(2) – despite his failure to address either rule in his original moving papers – the Court finds Mr. Manns' logic in this regard to be unconvincing.[8]

## CONCLUSION

For the reasons set forth above, each of Defendants' motions are hereby DENIED.  This matter is set to begin trial on **January 16, 2008.**  The parties are to appear before this Court on **Monday, January 14, 2008 at 10:30 a.m.**  An appropriate Order accompanies this Letter Opinion.

Sincerely,

 /s/ Jose L. Linares
Jose L. Linares
United States District Judge

JLL/mm

---

[7] As stated in this Court's September 5, 2007 Letter Opinion, to the extent that Defendants seek to raise such arguments pursuant to Federal Rule of Civil Procedure 50, their request is denied without prejudice, as premature.

[8] The Court takes note of Mr. Mann's insinuation that this Court employed the "wrong test" and "reached an incorrect conclusion of law" in addressing Defendants' motion for summary judgment back in June 2005.  (Def. Br. 12-13).  To the extent that Mr. Manns disagreed with this Court's ruling, he was free to move for reconsideration of same.  He chose not to do so. Thus, this Court's June 28, 2005 ruling is now final.  Mr. Manns is hereby cautioned to refrain from raising arguments which have already been ruled upon by this Court.  Such disrespectful conduct is a waste of the Court's time will not be tolerated at trial.